CHARLES M. GRAY MARBLE AND SLATE COMPANY, Respondent, *v.* EARLINGTON REALTY CORPORATION, Appellant, Impleaded with JOSEPH G. SIEGEL and Others, Defendants.

First Department, November 3, 1922.

Trial — action to foreclose mechanic's lien — all defenses and counterclaims involved same issues — issues framed as to certain counterclaims and denied as to defenses — no appeal from part of order framing issues — order should be modified so that issues as to defenses shall be tried by jury.

In an action to foreclose a mechanic's lien, an order framing issues for a trial by jury as to the counterclaims interposed by the defendant but denying defendant's application to frame the issues as to certain defenses, should be modified so as to require all the issues to be tried by the jury, where it appears

that no appeal was taken from the order framing the issues and that the gist both of the defenses and counterclaims, except a claim for damages by reason of delay and for defective work, is based upon a claim of coercion or duress of the defendant, for orderly practice demands that separate trials should not be had of the same issues, one by the court and one by the jury.

APPEAL by the defendant, Earlington Realty Corporation, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of May, 1922, as denies said defendant's motion for an order to frame issues for trial by jury as to certain defenses alleged in the answer.

*Milton Elias Schattman*, for the appellant.

*M. Carl Levine*, for the respondent.

SMITH, J.:

The defendant, appellant, is a corporation owning certain real property situated in the city of New York. The plaintiff is a marble contractor and seeks in this action to foreclose a mechanic's lien to the extent of $7,300, the amount remaining unpaid under a contract to furnish and install certain interior marble work within said building, and for personal judgment against defendant on a guaranty of payment executed by it. The defendant alleges certain matters both as defenses and counterclaims, to the effect that it was required by the plaintiff, acting through the Marble Industry Employers' Association of New York city and vicinity, to make its contract with the plaintiff through the instrumentality of the said employers' association, which association was an illegal combination in restraint of competition, and which associatiom, of which plaintiff was a member, and with his assent, prevented competition for the work the said defendant required upon its said building, and by threats of strikes, which were in fact made effectual; and that the delay by reason of the said acts of the plaintiff and this employers' association caused the defendant damages, and by reason of certain defects in the performance of the contract which caused the defendant to lose large sums of money, the damages caused by said delay and by said imperfections are made the subject of counterclaims herein. The Special Term directed issues to be settled as to the counterclaims raised by the third defense and counterclaim, the fourth defense and counterclaim, and the sixth defense and counterclaim, and as to the other issues denied the defendants' motion, and it is from this denial that this appeal is taken. The sixth defense and counterclaim, as alleged in the answer, asks no damages and cannot be deemed to be a counterclaim. The seventh defense and counterclaim, as alleged, is simply a

counterclaim to recover the moneys paid to the plaintiff upon the contract. The eighth separate defense is based upon the want of power in the defendant to guarantee the performance of the contract, which, if sustained, would prevent the plaintiff from recovering an affirmative judgment against the defendant other than under the prayer for relief that the lien be foreclosed. The ninth defense, so called, would seem to be a summary of the defendant's contention, and asks for the return of the moneys paid and the notes given to the plaintiff in the performance of the contract.

The gist both of the defenses and counterclaims, except the claim for damages by reason of the delay and the damages by reason of defective work, is based upon the claim of coercion or duress of the defendant in compelling it to employ the plaintiff at an exorbitant price, pursuant to the alleged illegal combination of different corporations and individuals, and with plaintiff's assent, to control the price that should be bid by any of the members of the corporation, who comprised upwards of ninety per cent of those who supplied materials and labor for the installation of interior marble work in buildings within the city of New York and its vicinity.

As far as appears from the pleadings these defenses involve exactly the same issues. The plaintiff has not appealed from that part of the order that allows a jury trial as to the counterclaims in the third, fourth and sixth defenses and counterclaims, as alleged in the defendant's answer. We see no reason why separate trials should be had of the same issues, one by the court and one by the jury. If the plaintiff has been guilty of an illegal act from which damages might follow through this employers' association and plaintiff's assent, such a fact also would be a defense to an action upon the contract, as well as the basis for damages resulting from such coercion or duress or illegal acts.

We are of opinion, therefore, that it would lead to a more speedy disposition of the case, as well as to more orderly practice, if the claims made in the defenses should be tried in the same manner as those asserted in the counterclaims. This would lead to a modification of the order to the extent of granting the entire relief asked for by the defendant, and as so modified the order should be affirmed, with costs to appellant.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Order modified to the extent of granting the entire relief asked for by said defendant in its notice of motion, and as so modified affirmed, with ten dollars costs and disbursements to the appellant.